IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE 1849 CONDOMINIUMS
ASSOCIATION, INC., a California
nonprofit mutual benefit
corporation,

    Plaintiff,

  v.

GEOFFREY BRUNER and DOES 1
through 20, inclusive,

    Defendant.
_____

GEOFFREY BRUNER and DOES 1
through 20, inclusive,

    Counterclaimant,

  v.

THE 1849 CONDOMINIUMS
ASSOCIATION, INC., a California
nonprofit mutual benefit
corporation,

    Counterdefendant.
_____/

No. 2:09-cv-03339-JAM-EFB

<u>ORDER GRANTING
COUNTERDEFENDANT'S MOTION TO
DISMISS</u>

    This matter comes before the Court on Counterdefendant The 1849 Condominiums Association, Inc.'s ("Association's") Motion to Dismiss Counterclaimant Geoffrey Bruner's ("Bruner's")

1

Counterclaim ("Counterclaim") pursuant to Federal Rule of Civil Procedure 12(b)(6). Bruner opposes the motion.[1]

For the reasons stated below, the Association's Motion to Dismiss is GRANTED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

For all times relevant hereto, the Association, a California non-profit mutual benefit corporation, was an owners association managing the 1849 Condominium project ("Condo Project") in Mammoth Lakes, California. Counterclaim ¶ 1. The Condo Project is governed by a Declaration of Covenants, Conditions and Restrictions for the Condo Project ("CC&R's"). Id. Bruner, a resident of Clark County, Nevada, owns Unit No. 306 in the Condo Project. Id. ¶ 2.

In December 2007, the Association presented a proposed renovation project ("Renovation Project") to the unit owners for their approval. Id. ¶ 4. The Renovation Project was to include the remodel, repair, replacement, and/or renovation of the Phase 1 and 2 buildings in the Condo Project. Id. ¶ 6. The cost of the proposed Renovation Project and the special assessment to the unit owners was $9,500,000 ("Assessment"). Id. ¶ 7. The unit

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

owners approved the Renovation Project and the associated special assessment. Id. ¶ 8.

Since the approval of the Renovation Project, the Association charged the entire Assessment, but has not completed the Renovation Project as promised. Id. ¶ 9. The Association has allegedly failed to construct several components of the Renovation Project, unlawfully tabled, changed or removed several aspects of the project, and mismanaged the project. Id. Bruner asserts the Association did not seek competing construction bids to reduce the overall cost of the Renovation Project. Id. ¶¶ 12-13.

Furthermore, Bruner alleges the Renovation Project does not comply with the CC&R's. Id. ¶ 10. Portions of the Renovation Project are not within the scope of the Association's authority under the CC&R's. Id. Additionally, the Association purportedly failed to properly allocate the Assessment among the unit owners in accordance with the CC&R's and the Association's own governing documents. Id. ¶ 11.

The Association filed a Complaint ("Complaint") in Mono County Superior Court on October 22, 2009 (Case No. 16857), alleging Bruner failed to pay common area assessments. On November 30, 2009, the action was removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  On

3

December 15, 2009, Bruner filed the Counterclaim against the Association, alleging sixteen state law claims.

## II. OPINION

A. <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1975), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), <u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).

"Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id.

B. First, Second, Third and Fourth Claims

Bruner alleges four claims based on contract principles: Violation of Governing Documents, Selective Enforcement and/or Abandonment of Governing Documents, Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing. The Association argues that these claims should be dismissed because there is no contract, and even if there is a contract, the Counterclaim fails to explain which provisions were violated.

Condominium law allows a homeowner to sue the association for damages and an injunction to compel the association to enforce the provisions of the declaration. Posey v. Leavitt, 229 Cal. App. 3d 1236, 1246 (1991) (citations omitted). "The covenants and restrictions in the declaration shall be enforceable equitable servitudes...[that] may be enforced by any owner of a separate interest, or by the association, or by both." Cal. Civ. Code § 1354(a). These agreements are enforced

based on contract principles. Nahrstedt v. Lakeside Vill. Condo. Ass'n, 8 Cal. 4th 361, 380 (1994).

To establish a breach of contract claim, a plaintiff must establish the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

A contractual obligation is a prerequisite to a breach of an implied covenant of good faith and fair dealing. Fortaleza v. PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS 64624, at **15-16 (N.D. Cal. July 27, 2009).

Here, Bruner alleges sufficient facts to establish a contract between Bruner and the Association. Bruner alleges that the Association is managed by the CC&R's and its own governing documents. Bruner is the owner of Unit No. 306 in the Project. Thus, Bruner sufficiently alleges that these documents constitute an agreement between the Association and the unit owners, and that either party can sue to enforce these provisions.

However, Bruner fails to allege what provisions in the CC&R's, or any other contract, were violated by the Association in performing the Renovation Project. A breach of contract claim rests upon the actual terms of the contract, but Bruner fails to

attach the CC&R's or other governing documents, which would provide the Association's obligations.  As such, Bruner has failed to give the Association "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Accordingly, Bruner's first four claims are dismissed, with leave to amend.

C. Declaratory Relief

Bruner's fifth claim requests declaratory relief to determine whether the CC&R's and other governing documents of the Association are enforceable, and if so, to determine the rights of the parties. However, Bruner's fifth claim is based on the same conclusory allegations as the preceding claims and thus, fails to allege what provisions in the CC&R's, or any other contract, were violated by the Association. Bruner has not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Accordingly, Bruner's fifth claim for declaratory relief is dismissed, with leave to amend.

D. Negligence Per Se/Violation of Statutes and Administrative Regulations

Bruner alleges that through oversight, management and administration of the Project and Renovation Project, the Association violated, "without limitation, the Davis-Stirling Common Interest Development Act, California Civil Code § 1350,

7

*et seq.*, and any corresponding regulations promulgated thereunder." Counterclaim ¶ 44.

   Without citing any specific provision of the Davis-Stirling Common Interest Development Act or California Civil Code, Bruner has failed to sufficiently allege a claim. Bruner has the burden to put the Association on notice of the provisions allegedly violated. Merely citing to an entire Act and section of the California Civil Code and stating in the Opposition that this is "more than sufficient for the Association to figure out for itself which of the many provisions it violated" fails to plead enough facts to state a claim to relief that is plausible on its face. Bruner's Opposition 12:11-12. Accordingly, Bruner's sixth claim for negligence per se/violation of unidentified statutes and regulations is dismissed, with leave to amend.

E. <u>Constructive Fraud and Breach of Fiduciary Duty</u>

   Bruner alleges that the Association breached their duty to affirmatively disclose material facts to Bruner and the other unit owners regarding the Renovation Project. Some of the alleged material facts not disclosed include the purposes, goals, plans and specifications of the Renovation project, the components included in the Renovation Project and the actual and projected costs of the Renovation Project. Counterclaim ¶ 53.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). However, courts do not apply this heightened pleading standard to constructive fraud claims. Cendant Corp. v. Shelton, 474 F. Supp. 2d 377, 380 (D. Conn. 2007).

"Constructive fraud comprises any act, omission or concealment involving a breach of legal or equitable duty, trust or confidence which results in damage to another even though the conduct is not otherwise fraudulent." Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1249 n.10 (9th Cir. 2001) (citing Assilzadeh v. Cal. Fed. Bank, 98 Cal. Rptr. 2d 176, 186 (Cal. Ct. App. 2000) (internal quotation marks and citations omitted)). The failure to disclose material facts may constitute constructive fraud. Assilzadeh, 98 Cal. Rptr. 2d at 186.

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008). A homeowners association owes a fiduciary duty to its members. See Cohen v. Kite Hill Cmty. Ass'n, 142 Cal. App. 3d 642 (1983).

Here, Bruner sufficiently alleges that the Association had a fiduciary duty to him. However, Bruner fails to sufficiently allege that the Association breached their fiduciary duty by

failing to disclose material facts about the Renovation Project. Although the Counterclaim commits a long paragraph to explaining what the Association did not disclose to the unit owners, these allegations are too vague and broad. Accordingly, Bruner's seventh and eighth claims for constructive fraud and breach of fiduciary duty are dismissed, with leave to amend.

F. Injunctive Relief

Bruner's ninth claim for relief seeks an injunction prohibiting the Association from proceeding with the Renovation Project, or attempting to collect the balance of the Assessments; and a mandatory injunction compelling the Association to turn over all relevant documents, to give a full accounting, to reallocate the Assessments, and to disgorge any funds wrongfully assessed.

The traditional bases for injunctive relief are irreparable injury and inadequacy of legal remedies. Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). Here, Bruner does not sufficiently plead facts to support a finding that he is suffering irreparable injury. Moreover, the preceding eight claims for relief demonstrate that Bruner has failed to plead any actionable tort or breach of contract by the Association. The Court finds there is no factual basis, as currently plead in the Counterclaim, for any legal remedy. Accordingly, Bruner's

ninth claim for injunctive relief is dismissed, with leave to amend.

G. Intentional Misrepresentation/Fraudulent Concealment

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)) (internal quotation marks omitted).

Here, Bruner has not alleged fraud with the required particularity to state a plausible claim for relief. Bruner's conclusory statements that the Association made "false representations and omissions of material fact" and "intentionally covered over, suppressed, minimized the importance of, or otherwise concealed such information" do not sufficiently allege any real misrepresentation or intent to defraud. Counterclaim ¶¶ 71, 72. Nowhere in the Counterclaim does Bruner describe specific facts of the alleged fraud except to describe a laundry list of vague and broad allegations

against the Association. These conclusory allegations are insufficient to state a claim for relief.  Accordingly, Bruner's tenth claim for intentional misrepresentation/fraudulent concealment is dismissed, with leave to amend.

H. Negligent Misrepresentation/Concealment

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In cases where fraud is not a necessary element of a claim, but a plaintiff chooses nonetheless to allege the defendant engaged in fraudulent conduct, the claim is said to be "grounded in fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Those allegations that aver fraud must satisfy the particularity requirement of Rule 9(b). Id. "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." Id. at 1105.

Here, Bruner's "negligent misrepresentation/concealment" claim is "grounded in fraud" because Bruner essentially uses the same allegations from the intentional misrepresentation claim to allege this claim. Bruner's two main paragraphs for this claim were copied from the intentional misrepresentation claim, stating that the Association "made false representations and omissions of material fact" and "intentionally covered over, suppressed, minimized the importance of, or otherwise concealed

such information." Counterclaim ¶¶ 82, 83. Thus, these allegations are grounded in fraud, and must satisfy the heightened pleading standard. These conclusory statements and legal conclusions fail to meet the particularity requirement of Rule 9(b). Accordingly, Bruner's eleventh claim for negligent misrepresentation/concealment is dismissed, with leave to amend.

I. Negligence

In order to state a claim for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).

Bruner fails to sufficiently state a claim for negligence because he does not allege facts stating how the Association breached its legal duty to Bruner. Other than the vague and conclusory allegations that the Association failed to disclose information to the unit owners, Bruner fails to allege any facts to support this claim. Accordingly, Bruner's twelfth claim for negligence is dismissed, with leave to amend.

J. Unjust Enrichment

An unjust enrichment claim requires (1) the receipt of a benefit and (2) the unjust retention of the benefit at the expense of another. Peterson v. Cellco Partnership, 164 Cal.

App. 4th 1583, 1593 (2008). Bruner's Counterclaim alleges that the Association "misappropriated, converted, accepted, retained, used, enjoyed, and appreciated all of the Special Assessment." Counterclaim ¶ 94. These conclusory allegations fail to state sufficient facts to support this claim. Accordingly, Bruner's thirteenth claim for unjust enrichment is dismissed, with leave to amend.

K.  An Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009) (citations omitted). "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." Id. (citations omitted).

Here, Bruner fails to allege sufficient facts to support an accounting claim. Although Bruner establishes in the Counterclaim that Bruner and the Association have a special relationship, Bruner fails to state how the amount in damages from the Association retaining the Special Assessment and mismanaging the Renovation Project would be uncertain after a

calculation. Accordingly, Bruner's fourteenth claim for an accounting is dismissed, with leave to amend.

L. Constructive Trust

A constructive trust may be imposed if three conditions are met: (1) existence of a res; (2) the plaintiff's right to that res; and (3) the defendant's gain of the res by fraud, accident, mistake, undue influence or other wrongful act. United States v. Pegg, 782 F.2d 1498, 1500 (9th Cir. 1986). Here, a constructive trust is not an appropriate remedy as plead in this case. Bruner has failed to sufficiently allege that the Association received the money through fraud or other wrongful act. Accordingly, Bruner's fifteenth claim for a constructive trust is dismissed, with leave to amend.

M. Attorney's Fees

"Attorney fees are allowable as an item of costs when authorized by contract, statute or law." Arias v. Katella Townhouse Homeowners Ass'n., Inc., 127 Cal. App. 4th 847, 852 (2005). Here, Bruner's sixteenth claim does not plead any legal basis for recovery of attorney's fees, neither a statutory ground nor any contractual provision for attorney's fees. Accordingly, Bruner's sixteenth claim for attorney's fees is dismissed, with leave to amend.

III. ORDER

For the reasons set forth above, the Association's Motion to Dismiss Bruner's Counterclaim is GRANTED, with leave to amend. Bruner has twenty (20) days from the date of this Order to file an Amended Counterclaim consistent with this Order.

IT IS SO ORDERED.

DATED: June 18, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE