IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE 1849 CONDOMINIUMS ASSOCIATION, INC., a California nonprofit mutual benefit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>GEOFFREY BRUNER and DOES 1 through 20, inclusive,<br><br>        Defendant.<br>_____<br><br>GEOFFREY BRUNER and DOES 1 through 20, inclusive,<br><br>        Counterclaimant,<br><br>    v.<br><br>THE 1849 CONDOMINIUMS ASSOCIATION, INC., a California nonprofit mutual benefit corporation,<br><br>        Counterdefendants.<br>_____/ | No. 2:09-cv-03339-JAM-EFB<br><br><u>ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS</u> |

    This matter comes before the Court on Third Party Defendants Brad Neufeld, Phyllis Gottlieb, Debbie Bean, Joe Unis, Mike Fleischer, Norm Kaufman, Cheryl Witherill and Robe Witherill's ("Third Party Defendants'") Motion to Dismiss

Counterclaimant Geoffrey Bruner's ("Bruner's") Third Party Complaint ("TPC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Bruner opposes the motion.[1] For the reasons stated below, Third Party Defendants' Motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

For all times relevant hereto, the Third Party Defendants were officers, members and/or managers of the Association, a California non-profit mutual benefit corporation. TPC ¶¶ 3-11. The Association managed the 1849 Condominium project ("Project") in Mammoth Lakes, California. Id. ¶ 1. The Project is governed by a Declaration of Covenants, Conditions and Restrictions for the Project ("CC&R's"). Id. ¶ 1. The Association delegated the authority to supervise the Renovation Project to the Third Party Defendants. Id. ¶ 23. Bruner, a resident of Clark County, Nevada, owns Unit No. 306 in the Condominium Project. Id. ¶ 2.

In December 2007, the Association, through the Third Party Defendants, presented a proposed renovation project ("Renovation Project") to the unit owners for their approval. Id. ¶ 13. The Renovation Project was to include the remodel, repair, replacement, and/or renovation of the Phase 1 and 2 buildings in the Condo Project. Id. ¶ 15. The cost of the

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

proposed Renovation Project and the special assessment to the unit owners was $9,500,000 ("Assessment"). Id. ¶ 16. The unit owners approved the Renovation Project and the associated Assessment. Id. ¶ 17.

Since the approval of the Renovation Project, the Association and Third Party Defendants charged the unit owners the entire Assessment, but have not completed the project as promised. Id. ¶ 18. The Association and Third Party Defendants allegedly failed to construct several components of the Renovation Project, unlawfully tabled, changed or removed several aspects of the project, and mismanaged the project. Id. Bruner asserts the Association and Third Party Defendants did not seek competing construction bids to reduce the overall cost of the project. Id. ¶¶ 21-22.

Furthermore, Bruner alleges the Renovation Project does not comply with the CC&R's. Id. ¶ 19. Portions of the Renovation Project are not within the scope of the Association and Third Party Defendants' authority under the CC&R's. Id. Additionally, the Association and Third Party Defendants failed to properly allocate the Assessment among the unit owners in accordance with the CC&R's. Id. ¶ 20.

The Association filed a Complaint ("Complaint") in Mono County Superior Court on October 22, 2009 (Case No. 16857), alleging Bruner failed to pay common area assessments. On

November 30, 2009, the action was removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. On December 15, 2009, Bruner filed a Counterclaim against the Association, alleging sixteen state law claims. Doc. # 5. Bruner filed the TPC against the Third Party Defendants on December 30, 2009, alleging eighteen state law claims.  Bruner's TPC is against nine individuals, eight of whom filed the instant motion to dismiss.[2]  The TPC is identical to the Counterclaim against the Association, except it adds two claims for indemnification and contribution and the TPC is against the directors and officers individually, as well as the Association's general project manager and maintenance manager, and manager of its Remodel Committee rather than the Association.

## II. OPINION

A. <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1975), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183

---

[2]   The Motion to Dismiss the TPC is made on behalf of all named Third Party Defendants except Lance Lenz, who, the movants claim, has not been served with the TPC.

(1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id.

B. Third Party Complaint

Bruner's TPC seeks to hold each of the officers and directors of the Association, along with its project manager, its maintenance manager and a member of its Remodel Committee,

liable for each and all of the allegedly wrongful acts asserted in the Counterclaim against the Association.  The first sixteen claims listed in the TPC are the same claims alleged against the Association in the Counterclaim.  See Doc. # 5.  As such, the first sixteen claims in the Third Party Complaint are identical to the claims contained in the Counterclaim except for the parties against whom they are directed.  As explained in this Court's Order dated June 18, 2010 (Doc. # 27) dismissing the Counterclaim, Bruner fails to plead enough facts to state any claim to relief that is plausible on its face.  Bruner's TPC not only contains the same defects as his Counterclaim, but it also fails to tie any individual Third Party Defendant to any allegation.  Thus, for the same reasons set forth in this Court's Order dated June 18, 2010 (Doc. # 27), the Third Party Defendants' motion to dismiss the first sixteen claims is GRANTED with leave to amend.

    Bruner's seventeenth claim against the Third Party Defendants is for indemnity in the event that the Association recovers against Bruner in the underlying suit.  In general, indemnity refers to "the obligation resting on one party to make good a loss or damage another party has incurred." Prince v. Pacific Gas & Electric Co., 45 Cal. 4th 1151, 1157 (2009) (citations omitted). To establish indemnity, a plaintiff must show (1) fault by the indemnitor and (2) resulting damages to

the indemnitee for which the indemnitor is contractually or equitably responsible. <u>Great Western Drywall, Inc. v. Interstate Fire & Cas.</u>, 161 Cal. App. 4th 1033, 1041 (2008) (citations omitted). Here, Bruner has failed to allege any facts to support how the Third Party Defendants are contractually or equitably responsible if the Association recovers against him. As such, he has not asserted any facts to support a claim for indemnity. Accordingly, Bruner's seventeenth claim for indemnity is dismissed with leave to amend.

Bruner's eighteenth claim alleges that if the Association recovers against Bruner, then Bruner is entitled to contribution against the Third Party Defendants.  A right to contribution exists "when two or more parties are jointly liable on an obligation and one of them makes payment of more than his share [so that] the one paying possesses a new obligation against the other for their proportion of what he has paid." <u>Borba Farms v. Acheson</u>, 197 Cal. App. 3d 597, 602 (1988) (citations omitted). Here, Bruner has failed to allege how the Third Party Defendants are jointly liable for Bruner's failure to pay common area assessments. As such, Bruner has failed to allege any facts that he is entitled to contribution from the Third Party Defendants. Accordingly, Bruner's eighteenth claim for contribution is dismissed with leave to amend.

Finally, this Court is compelled to dismiss Bruner's TPC in its entirety for two additional reasons. First, Bruner does not even attempt to answer the Third Party Defendants' argument that there is no basis for making them personally liable for any breach of contract. Thus, even if Bruner's breach of contract allegations were plausible against the Association, he has not set forth any facts or theory on which the Third Party Defendants could be personally liable under a contract theory. Second, Bruner does not answer the Third Party Defendants' argument that individual directors of a defendant entity do not have personal liability to a plaintiff unless it is shown, as to each and all of them, that they committed some intentional tort against plaintiff. See <u>Reynolds v. Bement</u>, 36 Cal. 4th 1075 (Cal. 2005).

Bruner appears to attempt to establish personal liability against the Third Party Defendants by referencing in his Opposition Brief (Doc. # 18) the California Supreme Court decision <u>Lamden v. La Jolla Shores Clubdominium Homeowners Assn.</u>, 21 Cal. 4th 249 (Cal. 1999). Bruner argues that the relationship between homeowner associations and individual owners is analogous to that between a shareholder and corporation and thus, the Court should treat this case as such. <u>See</u> Pl's Opp., Doc. # 18, at 5-6. Bruner has clearly misread and misinterpreted this case. <u>Lamden</u> does not remotely establish

how individual directors of a homeowners association, much less a project manager, maintenance manager and Remodel Committee member, can be held personally liable to an individual homeowner.  Instead, the Lamden Court held that "[w]here a duly constituted community association board, upon reasonable investigation, in good faith and with regard for the best interests of the community association and its members, exercises discretion within the scope of its authority under relevant statutes, covenants and restrictions to select among means for discharging an obligation to maintain and repair a development's common areas, courts should defer to the board's authority and presumed expertise."  Lamden, 21 Cal. 4th at 253.  Specifically, the Lamden Court created "a rule of judicial deference to community association board decisionmaking that applies, regardless of an association's corporate status, when owners in common interest developments seek to litigate ordinary maintenance decisions entrusted to the discretion of their associations' boards of directors." Id. As such, the Lamden holding appears to favor the Association, not Bruner. Regardless, contrary to Bruner's argument,  the Lamden case in no way addresses the Third Party Defendants' argument that they cannot be held personally liable to Bruner unless it is shown that they committed some intentional tort against him. Moreover, Bruner's TPC does not allege any basis for finding the

Third Party Defendants personally liable to Bruner under a contract or tort theory.  Accordingly, Bruner's TPC must be dismissed in its entirety.

### III. ORDER

For the reasons set forth above, the Third Party Defendants' Motion to Dismiss is GRANTED with leave to amend. Plaintiff has twenty (20) days from the date of this Order to file an amended third party complaint consistent with this Order.

DATED: July 1, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE