UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE 1849 CONDOMINIUMS ASSOCIATION, INC., a California nonprofit mutual benefit corporation, | Case No. 2:09-CV-3339-JAM-EFB |
| Plaintiff, | ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS |
| v. | |
| GEOFFREY BRUNER and DOES 1 through 20, inclusive, | |
| Defendants. | |
| GEOFFREY BRUNER, | |
| Counterclaimant, | |
| v. | |
| THE 1849 CONDOMINIUMS ASSOCIATION, INC., a California nonprofit mutual benefit corporation; DOES 1 through 50 inclusive, and ROE Corporations 1 through 50 inclusive, | |
| Counterdefendants. | |
| GEOFFREY BRUNER, | |
| Third-Party Plaintiff, | |
| v. | |
| BRAD NEUFELD, and individual; PHYLLIS GOTTLIEB, an individual; | |

1

1  DEBBIE BEAN, an individual; JOE )
   UNIS, an individual; MIKE )
2  FLEISCHER, an individual; NORM )
   KAUFMAN, an individual; CHERYL )
3  WITHERILL, an individual; ROB )
   WITHERILL, an individual; LANCE )
4  LENZ, an individual; DOES 1 )
   through 50 inclusive; and ROE )
5  Corporations 1 through 50 )
   inclusive, )
6                               )
                                )
7          Third-Party Defendants. )

8
          This matter comes before the Court on Third Party Defendants'
9
   Brad Neufeld, Phyllis Gottlieb, Debbie Bean, Joe Unis, Mike
10
   Fleischer, Norm Kaufman, Cheryl Witherill and Rob Witherill's
11
   ("Third-Party Defendants") Motion to Dismiss (Doc. #40) Third-Party
12
   Plaintiff Geoffrey Bruner's ("Bruner's") First Amended Third Party
13
   Complaint ("FATPC") (Doc. #32).  Bruner opposes the motion (Doc.
14
   #44).  This matter was set for hearing on November 17, 2010, and
15
   ordered submitted on the briefs.[1]  For the reasons set for below,
16
   the Motion to Dismiss is GRANTED.
17

18
                    I.   FACTUAL AND PROCEDURAL BACKGROUND
19
          For all times relevant hereto, the Third-Party Defendants were
20
   officers, members and/or managers of the Association, a California
21
   non-profit mutual benefit corporation.  The Association managed the
22
   1849 Condominium project ("Project") in Mammoth Lakes, California.
23
   The Project is governed by a Declaration of Covenants, Conditions
24
   and Restrictions for the Project ("CC&R's").  The Association
25
   delegated the authority to supervise the Renovation Project to the
26
   Third Party Defendants.  Bruner, a resident of Clark County,
27

28
   [1] This motion was determined to be suitable for decision without
   oral argument. E.D. Cal. L. R. 230(g).

                                   2

1  Nevada, owns Unit No. 306 in the Condominium Project.

2      In December 2007, the Association, through the Third-Party

3  Defendants presented a proposed renovation project ("Renovation

4  Project") to the unit owners for their approval.  The Renovation

5  Project was to include the remodel, repair, replacement, and/or

6  renovation of the Phase 1 and 2 buildings in the Condo Project.

7  The cost of the proposed Renovation Project and the special

8  assessment to the unit owners was $9,500,000 ("Special

9  Assessment").  The unit owners approved the Renovation Project and

10 the associated Assessment.  Since the approval of the Renovation

11 Project, the Association and Third Party Defendants charged the

12 unit owners the entire Special Assessment, but have not completed

13 the project as promised.  The Association and Third-Party

14 Defendants allegedly failed to construct several components of the

15 Renovation Project, unlawfully tabled, changed or removed several

16 aspects of the project, and mismanaged the project.  Bruner asserts

17 the Association and Third-Party Defendants did not seek competing

18 construction bids to reduce the overall cost of the project.

19     Furthermore, Bruner alleges the Renovation Project does not

20 comply with the CC&R's.  Portions of the Renovation Project are not

21 within the scope of the Association and Third-Party Defendants'

22 authority under the CC&R's.  Additionally, the Association and

23 Third-Party Defendants failed to properly allocate the Assessment

24 among the unit owners in accordance with the CC&R's.

25     The Association filed a Complaint ("Complaint") in Mono County

26 Superior Court on October 22, 2009 (Case No. 16857), alleging

27 Bruner failed to pay common area assessments.  On November 30,

28 2009, the action was removed to this Court based on diversity of

1   citizenship pursuant to 28 U.S.C. § 1332.  Bruner filed the Third-

2   Party Complaint against the Third-Party Defendants, alleging

3   eighteen state law claims.  The Court dismissed all the claims,

4   with leave to amend.  Bruner now brings the FATPC, with nine claims

5   for relief: intentional misrepresentation, negligent

6   misrepresentation, declaratory relief, constructive fraud, breach

7   of fiduciary duty, negligence per se, negligence, attorney's fees

8   and indemnity.  Bruner's FATPC seeks to hold each of the officers

9   and directors of the Association, along with its project manager,

10  its maintenance manager and a member of its Remodel Committee,

11  liable for each and all of the allegedly wrongful acts asserted in

12  the FATPC.  Third-Party Defendants argue that all nine claims

13  should be dismissed, without further leave to amend.

14

15              II.   OPINION

16      A.   Legal Standard

17      A party may move to dismiss an action for failure to state a

18  claim upon which relief can be granted pursuant to Federal Rule of

19  Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

20  court must accept the allegations in the complaint as true and draw

21  all reasonable inferences in favor of the plaintiff.  Scheuer v.

22  Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by

23  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

24  322 (1972).  Assertions that are mere "legal conclusions," however,

25  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

26  129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly,

27  550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a

28  plaintiff needs to plead "enough facts to state a claim to relief

4

1   that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.

2   Dismissal is appropriate where the plaintiff fails to state a claim

3   supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica</u>

4   <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

5       Upon granting a motion to dismiss for failure to state a

6   claim, the court has discretion to allow leave to amend the

7   complaint pursuant to Federal Rule of Civil Procedure 15(a).

8   "Absent prejudice, or a strong showing of any [other relevant]

9   factor[], there exists a presumption under Rule 15(a) in favor of

10  granting leave to amend."  <u>Eminence Capital, L.L.C. v. Aspeon,</u>

11  <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Dismissal with

12  prejudice and without leave to amend is not appropriate unless it

13  is clear . . . that the complaint could not be saved by amendment."

14  <u>Id.</u>

15      B.   <u>Claims for Relief</u>

16           1. <u>Intentional and Negligent Misrepresentation, First and</u>
                <u>Second Claims for Relief</u>
17

18      The first and second claims for relief allege that the Third-

19  Party Defendants made material misrepresentations and omissions

20  regarding the Renovation Project, gave unit owners false

21  information about the project, and fraudulently concealed

22  information about the Project.  Third-Party Defendants argue that

23  these claims should be dismissed because they are not plead to the

24  heightened pleading standard required for claims grounded in fraud,

25  and fail to individually differentiate between the Third-Party

26  Defendants.

27      "In alleging fraud or mistake, a party must state with

28  particularity the circumstances constituting fraud or mistake.

Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal.App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996)) (internal quotation marks omitted). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

In cases where fraud is not a necessary element of a claim, but a plaintiff chooses nonetheless to allege the defendant engaged in fraudulent conduct, the claim is said to be "grounded in fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Those allegations that aver fraud must satisfy the particularity requirement of Rule 9(b). Id. "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." Id. at 1105.

Here, the FATPC contains an extensive list of allegations pertaining to the alleged misrepresentations and omissions. Both claims are grounded in fraud, and thus must be plead to the heightened standard of Rule 9. Missing from both claims are allegations of who specifically made each alleged misrepresentation

1    or omission, as well as the time and place of the alleged

2    misrepresentations.  Rule 9(b) "does not allow a plaintiff to

3    merely lump multiple defendants together but requires plaintiffs to

4    differentiate their allegations when suing more than one defendant

5    . . . and inform each defendant separately of the allegation

6    surrounding his alleged participation in the fraud." Swartz v.

7    KPMG LLP, 476 F.3d 756, 765 (9th Cir. 1989) (internal citations

8    omitted).  In context of a fraud suit involving multiple

9    defendants, a plaintiff must identify the role of each defendant in

10   the alleged fraudulent scheme.  Id.  Bruner cites Wool v. Tandem

11   Computer Inc., 818 F.2d 1433, 1440 (9th Cir. 1987), for the

12   argument that he is not required to attribute fraudulent statements

13   to each individual Third-Party Defendant, because they are a

14   narrowly defined group of corporate officers who have direct

15   control over the day to day operations of the corporation.

16   However, this argument is not persuasive, as Wool was a securities

17   fraud case which permitted the group fraud allegations specifically

18   when the fraud or misleading information was conveyed in printed,

19   group published information.  Here, there is no allegation that any

20   of the misrepresentations occurred in printed, group-published

21   information.  Moreover, the group pleading theory permitted in Wool

22   has been superseded by statute.  See In re Huffy Corp. Securities

23   Litigation, 577 F. Supp. 2d 968, 984 (S.D. Ohio 2008).

24        Bruner has had two opportunities to correctly allege these

25   fraud based claims against Third-Party Defendants, and has failed

26   to plead even minimal allegations against individual Third-Party

27   Defendants.  The only Third-Party Defendant against whom a single

28   individualized allegation is brought is Lance Lentz, not a party to

1   this motion.  As such, Bruner's first and second claims for relief
2   fail, and the motion to dismiss the first and second claims for
3   relief is GRANTED, with prejudice.

4           2.   Declaratory Relief, Third Claim for Relief

5       The third claim for relief seeks declaratory relief regarding
6   the enforceability of the Governing Documents and the rights and
7   responsibility thereunder of Bruner and the Third Party Defendants.
8   Bruner asserts that the Third Party Defendants should be found to
9   have violated certain provisions of the CC&R's and sections of the
10  California Civil Code, and to have exceeded their authority under
11  the CC&R's.  Third Party Defendants argue that declaratory relief
12  is not appropriate, as Bruner has failed to state any claims
13  against them that would constitute grounds for declaratory relief.

14      "Declaratory relief is only appropriate (1) when the judgment
15  will serve a useful purpose in clarifying and settling the legal
16  relations in issue, and (2) when it will terminate and afford
17  relief from the uncertainty, insecurity, and controversy giving
18  rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376
19  (9th Cir. 1986).  As explained in the subsequent sections, the
20  Court does not find that Bruner has properly plead his claims
21  against Third-Party Defendants.  Accordingly, the FATPC fails to
22  raise a justifiable controversy that would give rise to a
23  declaratory relief claim.  The motion to dismiss the third claim
24  for relief is GRANTED, WITH PREJUDICE.

25          3.   Constructive Fraud, Breach of Fiduciary Duty,
                 Negligence Per Se and Negligence, Fourth through
26               Seventh Claims for Relief

27      The fourth, fifth, sixth and seventh claims for relief are all
28  tort claims against Third-Party Defendants.  Third-Party Defendants

8

1  argue that Bruner has plead the FATPC in such a way that each and

2  every allegation is alleged collectively against all Third-Party

3  Defendants.   Thus, it is alleged that every Third-Party Defendant,

4  from the members of the Association board of directors to the

5  maintenance manager, all took exactly the same actions, made

6  exactly the same misrepresentations and engaged in exactly the same

7  conduct.   Third-Party Defendants argue that in asserting identical

8  tort claims against the Third-Party Defendants and the Association,

9  Bruner has ignored the fact that individual representatives of a

10  corporation are not liable for the corporation's alleged wrongful

11  acts unless they each actually participated in the tortuous

12  conduct.

13      The Court noted in its previous dismissal order that Bruner

14  had not addressed Third-Party Defendants' arguments regarding

15  individual liability, and had not plead any theory under which the

16  individual members of the Board of Directors, as well as a member

17  of the remodel committee and the Maintenance Manager, could be held

18  personally liable for the action of the Association.   The FATPC and

19  Bruner's corresponding opposition brief are likewise lacking.

20  Bruner relies on <u>Frances T. v. Village Green Owners Assn.</u>, 42

21  Cal.3d 490 (1986), for the proposition that individual directors or

22  officers of a corporation may be held liable if they personally

23  authorized, directed, or in some meaningful sense actively

24  participated in the wrongful conduct.   Bruner asserts that the

25  FATPC contains allegations that each Third-Party Defendant actually

26  participated in the tortuous conduct.   The Court has reviewed the

27  paragraphs of the FATPC that Bruner asserts are allegations of

28  individual liability.   While the Court must accept the allegations

of the FATPC as true, the Court need not accept conclusory allegations and the FATPC must plead enough facts to support the claims as plausible.  Here, the allegations are plead without any differentiation between the Third-Party Defendants, and state that the Association acted by and through the Third-Party Defendants or that the Third-Party Defendants made certain representations, breached certain duties, or failed to provide certain information to Bruner and other unit owners.  Bruner argues that the Third-Party Defendants must be personally liable jointly with the Association because only the Third-Party Defendants could have acted, or failed to act, not some "nebulous, disembodied entity like the Association." (Opposition, p. 4).  However, director/officer liability, if any, stems from their own tortuous conduct, not from their status as directors or officers of the enterprise.  Director status therefore neither immunizes a person from individual liability nor subjects him or her to vicarious liability." Reynolds v. Bement, 36 Cal.4th 1075, 1089-1090 (2005) (citing Frances T, supra), abrogated on other grounds by Martinez v. Combs, 49 Cal.4th 35 (2010).  Bruner's argument that the Association could not act on its own, coupled with the broad, collective allegations against Third-Party Defendants, is an attempt to hold Third-Party Defendants liable because of their status as officers or directors of the Association.  The allegations further fail as not all Third-Party Defendants are even members of the Association board of directors.

Furthermore, Frances T, the only case upon which Bruner relies, is distinguishable from the case at hand.  The Court in Frances T found that individual members of a condominium board of

1   directors could be held liable for the tort of negligence, for

2   breach of the common law duty to refrain from conduct that imposes

3   an unreasonable risk of injury on third parties or injuries to a

4   unit owner cause by third-party criminal conduct, namely rape.  42

5   Cal.3d at 507. The FATPC does not contain any allegations of injury

6   to a third party or injury to Bruner based on foreseeable third-

7   party criminal conduct, making the <u>Frances T</u> holding

8   distinguishable from the present case.

9       Accordingly, the Court finds that Bruner has still failed to

10  set forth any facts or theory upon which the Third-Party Defendants

11  could be held individually liable for the tort claims alleged.

12  Having had two opportunities to correctly plead his claims, further

13  attempts to amend would be futile.  The motion to dismiss the

14  fourth, fifth, sixth and seventh claims for relief is GRANTED, with

15  prejudice.

16          4.   <u>Attorney's Fees, Eighth Claim for Relief</u>

17      The Eighth Claim for Relief seeks attorney's fees, based on

18  the terms of the CC&R's and/or Cal. Civil Code § 1354.  However,

19  because Bruner has failed to state his previous claims for relief,

20  he is not entitled to an award of attorney's fees.  Accordingly,

21  the motion to dismiss the eighth claim for relief is GRANTED, with

22  prejudice.

23          5.   <u>Indemnity, Ninth Claim for Relief</u>

24      The ninth claim for relief alleges that if the Association

25  recovers in its suit against Bruner, Bruner is entitled to

26  indemnity against Third-Party Defendants, whether contractual,

27  implied, equitable or otherwise, in proportion to Third-Party

28  Defendants' respective share of liability.  Third-Party Defendants

1    argue that Bruner has failed to allege any facts supporting how or

2    why Third-Party Defendants would be contractually or equitably

3    liable to Bruner if the Association recovered against him.

4        In general, indemnity refers to "the obligation resting on one

5    party to make good a loss or damage another party has incurred."

6    Prince v. Pacific Gas & Electric Co., 45 Cal.4th 1151, 1157 (2009).

7    To establish indemnity, a plaintiff must show (1) fault by the

8    indemnitor and (2) resulting damages to the indemnitee for which

9    the indemnitor is contractually or equitably responsible.  Great

10   Western Drywall, Inc., v. Interstate Fire & Cas., 161 Cal.App.4th

11   1033, 1041 (2008) (citations omitted).

12       Here, Bruner has not claimed a contractual basis for

13   indemnity, rather he appears to rely on equitable indemnity.

14   Equitable indemnity is "premised on a joint legal obligation to

15   another for damages."  Prince, 45 Cal.4th at 1157.  There can be no

16   indemnity without liability.  Id. at 1159.  However, the

17   Association has sued Bruner to recover unpaid association fees and

18   dues, and the FATPC does not allege any facts to support how Third-

19   Party Defendants would be jointly liable for Bruner's unpaid fees

20   and dues.  Accordingly, the motion to dismiss the ninth claim for

21   indemnity is GRANTED, with prejudice.

22

23                        III. ORDER

24       For the reasons set forth above, Third-Party Defendants'

25   motion to dismiss the FATPC is GRANTED WITH PREJUDICE.

26   IT IS SO ORDERED.

27   Dated: February 16, 2011

28                                   _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE