UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE 1849 CONDOMINIUMS ASSOCIATION, INC., a California nonprofit mutual benefit corporation,<br><br>            Plaintiff,<br><br>  v.<br><br>GEOFFREY BRUNER and DOES 1 through 20, inclusive,<br><br>            Defendants.<br>_____<br>GEOFFREY BRUNER and DOES 1 through 20, inclusive,<br><br>           Counterclaimant,<br><br>  v.<br><br>THE 1849 CONDOMINIUMS ASSOCIATION, INC., a California nonprofit mutual benefit corporation,<br><br>           Counterdefendant.<br>_____ | Case No. 2:09-CV-3339-JAM-EFB<br><br>ORDER GRANTING IN PART AND DENYING IN PART COUNTERDEFENDANT THE 1849 CONDOMINIUM ASSOCIATION INC.'S MOTION TO DISMISS |

///

///

This matter is before the Court on Counterdefendant The 1849 Condominiums Association, Inc.'s (the "Association's") Motion to Dismiss (Doc. #35) Counterclaimant Geoffrey Bruner's ("Bruner's") First Amended Counterclaim ("FAC") (Doc. #31) pursuant to Federal Rule of Civil Procedure 12(b)(6). Bruner opposes the motion (Doc. #45). This matter was set for oral argument on November 17, 2010 and ordered submitted on the briefs.[1] For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

For all times relevant hereto, the Association, a California non-profit mutual benefit corporation, was an owners association managing the 1849 Condominium project ("Condo Project") in Mammoth Lakes, California. The Condo Project is governed by a Declaration of Covenants, Conditions and Restrictions for the Condo Project ("CC&R's"). Bruner, a resident of Clark County, Nevada, owns Unit No. 306 in the Condo Project. In December 2007, the Association presented a proposed renovation project ("Renovation Project") to the unit owners for their approval. The Renovation Project was to include the remodel, repair, replacement, and/or renovation of the Phase 1 and 2 buildings in the Condo Project. The cost of the proposed Renovation Project and the Special Assessment to the unit owners was $9,500,000 (the "Special Assessment"). The unit owners approved the Renovation Project and the associated Special Assessment.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 230(g).

2

Since the approval of the Renovation Project, the FAC alleges that the Association charged the entire Special Assessment, but has not completed the Renovation Project as promised. The Association has allegedly failed to construct several components of the Renovation Project, unlawfully tabled, changed or removed several aspects of the project, and mismanaged the project.  Bruner asserts the Association did not seek competing construction bids to reduce the overall cost of the Renovation Project.  Furthermore, Bruner alleges the Renovation Project does not comply with the CC&R's. Portions of the Renovation Project are not within the scope of the Association's authority under the CC&R's.  Additionally, the Association purportedly failed to properly allocate the Assessment among the unit owners in accordance with the CC&R's and the Association's governing documents.

The Association filed a Complaint ("Complaint") in Mono County Superior Court on October 22, 2009 (Case No. 16857), alleging that Bruner failed to pay common area assessments.  On November 30, 2009, the action was removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  On December 15, 2009, Bruner filed the Counterclaim against the Association, alleging sixteen state law claims.  The Court dismissed the Counterclaim, with leave to amend, finding that it did not properly state a claim.  Thereafter, Bruner filed the FAC.  The Association now moves the Court to dismiss the FAC on the grounds that it continues to lack sufficient factual allegations to state a claim for relief.

3

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Id. Bruner has attached the CC&R's to the FAC, accordingly the Court will consider this document.

B. Claims for Relief

1. First, Second, Third and Fourth Claims

Bruner alleges four claims based on contract principles: Violation of Governing Documents, Selective Enforcement and/or Abandonment of Governing Documents, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing. The Association argues that these claims should be dismissed because they have not been pled with adequate specificity. The Association further argues that the breach of governing documents claim and breach of contract claim are duplicative.

Condominium law allows a homeowner to sue the association for damages and an injunction to compel the association to enforce the provisions of the declaration. Pose v. Leavitt, 229 Cal.App.3d 1236, 1246 (1991) (citations omitted). "The covenants and restrictions in the declaration shall be enforceable equitable servitudes . . . [that] may be enforced by any owner of a separate interest, or by the association, or by both." Cal. Civ. Code § 1354(a). These agreements are enforced based on contract principles. Nahrstedt v. Lakeside Vill. Condo. Ass'n, 8 Cal.4th

5

361, 380 (1994).

To establish a breach of contract claim, a plaintiff must establish the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).  A contractual obligation is a pre-requisite to a breach of an implied covenant of good faith and fair dealing. Fortaleza v. PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS 64624, at**15-16 (N.D. Cal. July 27, 2009).

In its previous order, (Doc. 27), the Court found that Bruner had adequately plead the existence of a contract (the CC&R's), but dismissed the first through fourth claims for relief with leave to amend on the grounds that Bruner had failed to plead what provisions in the CC&R's, or any other contract, were violated by the Association in performing the Renovation Project.  The Court noted that a breach of contract claim rests upon the actual terms of the contract, but Bruner failed to attach the CC&R's or other governing documents, which would provide the Association's obligations.

In the FAC, Bruner attached the CC&R's, and indicated what sections had allegedly been violated.  Though the Association argues that Bruner should be required to plead what specific provision within a section was violated, how it was violated, and why the action taken constituted a violation, such a level of detail is not required at this stage of the pleadings.  The Association also argues that Bruner has not properly plead damages. However, the FAC alleges that Bruner has been damaged according to

6

proof at trial. This allegation, along with the allegation that the Special Assessment was wrongfully charged to him and the other unit owners, is sufficient to establish damages for this stage of the pleadings.

The Court agrees with the Association, however, that the first claim for relief (breach of governing documents) and third claim for relief (breach of contract) are identical and duplicative. The CC&R's are alleged to be the source of both the breach of governing documents claim and breach of contract claim. Bruner has not plead the existence of any contract or governing document other than the CC&R's. Accordingly, the Court is dismissing both the first and third claims for relief. Bruner may amend the FAC to either remove one of the duplicative claims or plead additional facts that would differentiate the two claims. The motion to dismiss the first and third claims for relief is GRANTED, without prejudice.

As Bruner has plead sufficient facts to support his second claim for relief (selective enforcement of governing documents) and fourth claim for relief (breach of the covenant of good faith and fair dealing), the motion to dismiss these claims is DENIED.

    2. <u>Declaratory Relief, Fifth Claim for Relief</u>

Bruner's fifth claim requests declaratory relief based on the allegations of the previous four claims, to determine whether the governing documents are enforceable, and if so, to determine the rights of the parties. The only governing document that Bruner has identified in the allegations is the CC&R's. He asks the Court to declare that the Association has exceeded the scope of its authority in violation of Sections 5, 6 and 7 of the CC&R's and

7

California Civil Code sections 1365.5, 1366, 1366.1, 1367 and/or Cal. Corp. Code 7231.  The Association argues that the claim for declaratory relief should be dismissed because it is based on the same insufficient allegations as the first through fourth claims, and thus also fails to allege an actual and justifiable controversy.

"Declaratory relief is only appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).  Here, Bruner has identified his disputes with the Association, and plead enough factual allegations to sustain the claim at this stage.  Accordingly, the motion to dismiss the fifth claim for relief is DENIED.

        3.    <u>Negligence Per Se/Violation of Statutes and Administrative Regulations, Sixth Claim for Relief</u>

Bruner's sixth claim for relief alleges that the Association was negligent per se because it violated the Davis-Stirling Common Interest Development Act, Cal. Civ. Code § 1350 et seq., ("Davis-Stirling Act") and any administrative regulations promulgated thereunder.  The Court's previous order stated that citing to the entire Davis-Stirling act was insufficient to state a claim, accordingly the FAC now states that the Association owed Bruner duties that were breached under sections 1365.5, 1366, 1366.1, 1367, Cal. Corp. Code § 7231, and any corresponding administrative regulations.  The Association argues that the Bruner still fails to plead enough facts to support the claim, and fails to specify what

8

1 | other statutory provisions, administrative regulations, or sections
2 | of the Davis-Stirling Act he alleges were violated.
3 |     Here, Bruner has specified sections of the Davis-Stirling Act
4 | that he alleges were violated, and has identified a list of acts
5 | and omissions that he alleges violate the statutory provisions
6 | specified.  These allegations are sufficient to state a claim for
7 | negligence per se, accordingly the motion to dismiss the sixth
8 | claim for relief is DENIED.
9 |         4.   <u>Constructive Fraud, Seventh Claim for Relief</u>
10 |     Bruner's seventh claim for relief alleges that the Association
11 | committed constructive fraud, by failing to disclose material facts
12 | to Bruner and the other unit owners, in connection with the
13 | Renovation Project.  The Association argues that this claim should
14 | be dismissed for failure to offer more than vague and broad
15 | allegations.
16 |     "Constructive fraud comprises any act, omission or concealment
17 | involving a breach of legal or equitable duty, trust or confidence
18 | which results in damage to another even thought the conduct is not
19 | otherwise fraudulent."  <u>Harmon v. Kobrin (In re Harmon)</u>, 250 F.3d
20 | 1240, 1249 n. 10 (9th Cir. 2001) (<u>citing</u> <u>Assilzadeh v. Cal. Fed.</u>
21 | <u>Bank</u>, 98 Cal. Rptr. 2d 176, 186 (Cal. Ct. App. 200) (internal
22 | quotation marks and citations omitted).  The failure to disclose
23 | material facts may constitute constructive fraud. <u>Assizadeh</u>, 98
24 | Cal. Rptr. 2d at 186.
25 |     The Court previously dismissed this claim for being supported
26 | only by overly vague and broad allegations.  However, Bruner has
27 | amended the claim, adding sufficient additional allegations to
28 | support his claim for constructive fraud.  Accordingly, the motion

to dismiss the seventh claim for relief is DENIED.

   5. <u>Breach of Fiduciary Duty, Eighth Claim for Relief</u>

 The eighth claim for relief alleges that the Association breached its fiduciary duty to Bruner, by failing to disclose material facts about the Renovation Project, failing to exercise reasonable care and diligence in administration of the Renovation Project and Special Assessment, and failing to abide by the terms and conditions of the governing documents.  The Association argues that this claim should be dismissed because Bruner has not adequately alleged how the Association breached its duties, nor how he was damaged.

 "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." <u>Pellegrini v. Weiss</u>, 165 Cal.App.4th 515, 524 (2008).  A homeowners association owes a fiduciary duty to its members.  <u>See</u> <u>Cohen v. Kite Hill Cmty. Ass'n</u>, 142 Cal.App.3d 642 (1983).  Here, Bruner has sufficiently alleged that the Association owes him, as a condominium owner, a fiduciary duty.  He has also sufficiently alleged what acts or omission the Association engaged in that allegedly breached their fiduciary duty.  Accordingly, the motion to dismiss the eighth claim for relief is DENIED.

   6. <u>Injunctive Relief, Ninth Claim for Relief</u>

 The ninth claim for relief requests an injunction against the Association to prevent the Association from proceeding with the remainder of the Renovation Project, from performing any work on Bruner's unit, from attempting to collect the balance of the Special Assessment, and from attempting to spend the Special

Assessment funds.  Bruner also seeks affirmative injunctive relief to force the Association to turn over its books, records and accounting to Bruner.  The Association argues that the claim should be dismissed, as Bruner has failed to demonstrate irreparable injury.

The traditional bases for injunctive relief are irreparable injury and inadequacy of legal remedies.  <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 542 (1987).  Additionally, injunctive relief is a remedy, not a cause of action.  <u>Marlin v. AIMCO Venezia, LLC</u>, 154 Cal.App.4th 154, 162 (2007).  Here, Bruner has failed to plead facts to support a finding that he is suffering irreparable injury. The Court also finds that this claim cannot be saved by further amendment. Accordingly, the motion to dismiss Bruner's claim for injunctive relief is GRANTED, with prejudice.

       7.   <u>Intentional and Negligent Misrepresentation/Concealment, Tenth and Eleventh Claims for Relief</u>

The tenth and eleventh claim for relief allege that the Association, through its directors, officers, managers, agents, employees and representatives made false representations and omissions of material fact.  The Association argues that these claims should be dismissed as they fail to plead fraud with the required specificity.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Proc. 9(b).  A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b)

11

knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal.App.4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996)) (internal quotation marks omitted). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

In cases where fraud is not a necessary element of a claim, but a plaintiff chooses nonetheless to allege the defendant engaged in fraudulent conduct, the claim is said to be "grounded in fraud." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Those allegations that aver fraud must satisfy the particularity requirement of Rule 9(b). Id. "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." Id. at 1105.

Here, the FAC contains an extensive list of allegations pertaining to the alleged misrepresentations and omissions. The tenth claim for relief alleges that such misrepresentations and omissions were intentional, the eleventh claim for relief alternatively pleads that the misrepresentations and omissions were negligent. Both claims are grounded in fraud, and thus must be plead to the heightened standard of Rule 9. Missing from both claims are allegations of who specifically made each alleged misrepresentation or omission, as well as the time and place of the

alleged misrepresentations. Accordingly, the claims do not meet the heightened pleading standard for fraud based claims. Bruner has had two chances to properly plead these claims. Any further amendment would be futile. Therefore, the motion to dismiss the tenth and eleventh claims is GRANTED, with prejudice.

        8.   <u>Negligence, Twelfth Claim for Relief</u>

The twelfth claim for relief alleges that the Association was negligent and breached its contractual and legal duties to Bruner and the other unit owners. The Association argues that the claim should be dismissed as it lacks essential allegations of negligence, including foreseeability of harm, proximate causation and damages, and is not plead with adequate specificity.

In order to state a claim for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. <u>Ladd v. County of San Mateo</u>, 12 Cal.4th 913, 917 (1996). The Court previously dismissed the claim, with leave to amend, for failing to allege sufficient facts to support the claim. The FAC now includes additional allegations regarding the alleged breach of duties by the Association, as well as an allegation of damage proximately caused by the Association's breach, in an amount to be proven at trial. Accordingly, the motion to dismiss the negligence claim is DENIED.

        9.   <u>Unjust Enrichment, Thirteenth Claim for Relief</u>

The thirteenth claim alleges that the Association misappropriated, converted and unjustly retained the Special Assessment funds that were alleged wrongfully levied against Bruner

13

1 and other condominium owners in violation of the CC&R's.  Bruner
2 alleges in particular that funds designated for renovating the
3 recreation room, a project that was never realized, were retained.
4     An unjust enrichment claim requires (1) the receipt of a
5 benefit and (2) the unjust retention of the benefit at the expense
6 of another.  <u>Peterson v. Cellco Partnership</u>, 164 Cal.App.4th 1583
7 (2008).  Bruner alleges that the Association should have known that
8 he expected to be reimbursed for wrongfully levied funds and any
9 surplus funds not actually or properly spent, but failed to do so.
10 The Association argues that the claim should be dismissed because
11 the claim lacks allegations that the Association retained or was
12 enriched by the funds, failed to use the funds for the purpose of
13 the Renovation Project, or otherwise obtained any benefit from any
14 wrongful appropriation.  However, the FAC does contain these
15 allegations, and the Court must accept the allegations as true.
16 Accordingly, the motion to dismiss the thirteenth claim is DENIED.
17         10.  <u>An Accounting, Fourteenth Claim for Relief</u>
18     The fourteenth claim for relief seeks an accounting, on the
19 grounds that the Association has refused to make its books
20 available.  The Association argues that the claim should be
21 dismissed because no actionable tort has been alleged in the
22 preceding claims.
23     "A cause of action for an accounting requires a showing that a
24 relationship exists between the plaintiff and defendant that
25 requires an accounting, and that some balance is due the plaintiff
26 that can only be ascertained by an accounting."  <u>Teselle v.
27 McLoughlin</u>, 173 Cal.App.4th 156, 179 (2009) (citations omitted).
28 "An action for accounting is not available where the plaintiff

14

alleges the right to recover a sum certain or a sum that can be made certain by calculation." Id.

The Court previously dismissed Bruner's claim for an accounting, finding that while he established in the Counterclaim that he and the Association have a special relationship that would give rise to an accounting, he failed to state how the amount in damages from the Association retaining the Special Assessment and mismanaging the Renovation Project would be uncertain after a calculation.  In the FAC, Bruner alleges that the amount owed to him cannot be calculated because the Association will not make its books and other documents pertaining to the Special Assessment and Renovation Project available, nor will they otherwise render and accounting.  Thus, Bruner has now alleged adequate grounds to maintain his accounting claim, and the motion to dismiss the accounting claim is DENIED.

####   11.   Constructive Trust, Fifteenth Claim for Relief

The fifteenth claim seeks the imposition of a constructive trust over the Special Assessment funds.  The Association argues that the claim should be dismissed because there is no factual allegation in the FAC that any specific funds were wrongfully used or retained by the Association.

A constructive trust may be imposed if three conditions are met: (1) existence of a res; (20 the plaintiff's right to that res; and (3) the defendant's gain of the res by fraud, accident, mistake, undue influence or other wrongful act. United States v. Pegg, 782 F.2d 1498, 1500 (9th Cir. 1986).  Here, while the Court has dismissed the negligent and intentional misrepresentation claims, it has found that Bruner has stated a claim for

constructive fraud, negligence and breach of fiduciary duty. The allegations supporting these claims were incorporated by reference in the constructive trust claim, and sufficiently allege that the res (allegedly the Special Assessment funds) may have been gained through some accident or wrongdoing. At this stage of the pleadings, the Court must accept the allegations of the counterclaim as true, accordingly, the motion to dismiss the claim for constructive trust is DENIED.

        12.   <u>Attorney's Fees, Sixteenth Claim for Relief</u>

    Bruner alleges that he is entitled to attorney's fees based on Section 22 of the CC&R's and/or Cal. Civil Code § 1354. Section 22 of the CC&R's awards attorney's fees to the prevailing party in an action to enforce the CC&R's. Cal Civil Code § 1354 allows for an award of attorney's fees in actions to enforce the governing documents. The Association argues that the claim should be dismissed because the FAC has failed to state a claim for breach of the CC&R's or governing documents.

    The Court previously dismissed the claim for attorney's fees for failure to allege any basis for an award of such fees. The FAC now alleges the civil code and CC&R's as the basis for an award of attorney's fees. The Court has dismissed without prejudice the duplicative Breach of Governing Documents and Breach of Contract claims, but has allowed the claim for selective enforcement of the governing documents, as well as a number of Bruner's other claims related to enforcement of the CC&R's. Accordingly, Bruner's claim for attorney's fees, based on the above-identified provisions allowing for recovery of fees from an action to enforce the CC&R's,

has been sufficiently plead.  The motion to dismiss the claim for attorneys fees is DENIED.

## III. ORDER

For the reasons set forth above, the motion to dismiss the FAC is GRANTED in part and DENIED in part, as specifically set forth below:

1. The motion to dismiss the first claim for relief is GRANTED, Without Prejudice.
2. The motion to dismiss the second claim for relief is DENIED.
3. The motion to dismiss the third claim for relief is GRANTED, Without Prejudice.
4. The motion to dismiss the fourth claim for relief is DENIED.
5. The motion to dismiss the fifth claim for relief is DENIED.
6. The motion to dismiss the sixth claim for relief is DENIED.
7. The motion to dismiss the seventh claim for relief is DENIED.
8. The motion to dismiss the eighth claim for relief is DENIED.
9. The motion to dismiss the ninth claim for relief is GRANTED, With Prejudice.
10. The motion to dismiss the tenth claim for relief is

```
 1              GRANTED, With Prejudice.
 2        11.   The motion to dismiss the eleventh claim for relief is
 3              GRANTED, With Prejudice.
 4        12.   The motion to dismiss the twelfth claim for relief is
 5              DENIED.
 6        13.   The motion to dismiss the thirteenth claim for relief is
 7              DENIED.
 8        14.   The motion to dismiss the fourteenth claim for relief is
 9              DENIED.
10        15.   The motion to dismiss the fifteenth claim for relief is
11              DENIED.
12        16.   The motion to dismiss the sixteenth claim for relief is
13              DENIED.
14
15        Bruner is ordered to file a Second Amended Counterclaim within
16   twenty (20) days of the date of this Order.
17
18        IT IS SO ORDERED.
19   Dated: February 16, 2011       _____
20                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE
21
```